# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**KENNITH JOHNSON**            **PLAINTIFF**

**V.**            **NO. 4:19-CV-19-DMB-RP**

**CITY OF INDIANOLA, MISSISSIPPI,**
**et al.**            **DEFENDANTS**

## ORDER

This civil rights action is before the Court on Darnell Fisher's motion to dismiss. Doc. #18.

### I
### Procedural History

On August 3, 2018, Kennith Johnson filed an amended complaint in the Circuit Court of Sunflower County, Mississippi against (1) the Indianola, Mississippi, Police Department; (2) "Indianola, Mississippi Police Officer Darnell Fisher in his Official Capacity;" and (3) "Indianola Board of Aldermen." Doc. #2 at 1. The amended complaint asserted state law claims for "Breach of Duty" and "Negligence" arising from an alleged assault, false arrest, and harassment at the hands of numerous Indianola police officers, including Fisher. *Id.* at 4–5.

On September 20, 2018, the defendants filed a motion to dismiss or for a more definite statement. Doc. #1-4. Johnson responded to the motion to dismiss on January 24, 2019. Doc. #1-5. In his response, Johnson argued that "[t]he actions of Officer Fisher, Police Chief Hall and the City of Indianola, Mississippi are actionable torts that fall under the Mississippi Torts Claim act which are 42 USC 1983 claims." *Id.* at 6. The response included a request for "leave to specifically plead the 42 USC 1983 claim …." *Id.* at 7.

On January 29, 2019, the defendants removed Johnson's state court action to the United States District Court for the Northern District of Mississippi. Doc. #1. The notice of removal states:

> This Response reveals substantial, disputed questions of federal law, and the allegations contained in Plaintiff's Amended Complaint reveals that the cause of action asserted by Plaintiff presents a federal question, that a federal right is an essential element of Plaintiff's cause of action, and such claims could have been brought in the United States District Court in the first instance based on federal question jurisdiction under 28 U.S.C. §1331, said claims and allegations seeking relief under the United States Constitution and 42 U.S.C. §1983.

*Id*. at 4. Two days later, the defendants filed a motion to dismiss the state law claims asserted in the amended complaint. Doc. #5.

On February 18, 2019, Johnson, with leave of the Court, filed a second amended complaint against the City of Indianola and Fisher, in both his official and individual capacities. Doc. #14. The second amended complaint alleges claims for "breach of duty," "negligence" and "42 USC 1983." *Id*. at 4–5. The City and Fisher, in his official capacity, filed a joint answer on March 5, 2019. Doc. #15. On March 15, 2019, Fisher moved to dismiss the official capacity claims brought against him. Doc. #18. One week later, Fisher filed an answer in his individual capacity. Doc. #21. Johnson responded to the second motion to dismiss on March 29, 2019. Doc. #27.

## II
## Relevant Standard

The first motion to dismiss seeks dismissal under Federal Rule of Civil Procedure 12(b)(6).[1] Doc. #5. The second motion to dismiss does not refer to a specific rule[2] but, to the

---

[1] The motion refers to Rules "12(b)(2, 4, 6 & 7)" but the accompanying memorandum addresses only Rule 12(b)(6). *See* Doc. #6. The motion was not mooted by the filing of the second amended complaint because one of the alleged defects identified in the motion is present in the second amended complaint. *See* 6 FED. PRAC. & PROC. CIV. § 1476 (3d ed.) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

[2] *See* Doc. #18.

2

extent it essentially seeks dismissal for failure to state a claim[3] and was filed after the answer, is properly construed as a motion for judgment on the pleadings. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *see* Fed. R. Civ. P. 12(c) ("After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings.").

A motion to dismiss for failure to state a claim and a motion for judgment on the pleadings are assessed under the same standard. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). With both, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quotation marks omitted).

### III
### Factual Background[4]

On November 3, 2016, Fisher, an officer with the City of Indianola's Police Department, drove to Johnson's home. Doc. #14 at ¶ 8. Fisher jumped out of his vehicle, ran up to Johnson, drew his service weapon and yelled, "I'm going to blow your motherf---ing head off, you motherf----er!!" *Id*. (emphases removed).

Following the November 3 incident, Fisher (who was facing criminal charges for the alleged assault) "directed a concert of continuous harassment …." *Id*. at ¶ 11. At Fisher's direction, City Police Officers Dominique Elzy, Glenn Daniels, and Regina Simpson "harassed [Johnson] constantly." *Id*. at ¶ 12. On June 10, 2017, Daniels arrested Johnson "on a false warrant" for disturbing the peace. *Id*. at ¶ 14. As a result of this arrest, Fisher was suspended and Daniels was fired. *Id*. at ¶ 15.

---

[3] As explained below, the motion seeks dismissal of the official capacity claims brought against Fisher as duplicative of the claims brought against the City. This is an argument that the causes of action fail to state a claim. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (affirming 12(b)(6) dismissal of § 1983 claims as duplicative).

[4] The Court accepts as true the factual allegations of the operative complaint in this action—the second amended complaint.

3

The harassment ceased for approximately a year but resumed "with the blessings" of the chief of police and the mayor of Indianola. *Id*. On April 13, 2018, Fisher attempted to strike Johnson with his police vehicle. *Id*. at ¶ 16. Later, Fisher harassed Johnson's children and "numerous witnesses to the incident and the harassment." *Id*. at ¶¶ 17, 20.

## IV
## First Motion to Dismiss

The first motion seeks dismissal of all state law claims asserted against the Board of Aldermen, the Police Department, and Fisher in his official capacity. Doc. #5. The defendants argue the City is the proper defendant under state law and that any claims against the City must necessarily fail because the acts complained of fall outside the scope of the Mississippi Tort Claims Act ("MTCA"). *See* Doc. #6. Because the Board and the Department were dropped as defendants with the filing of the second amended complaint, *see* Doc. #14 at 1, the motion is mooted to the extent it seeks dismissal of these entities.

As to the official capacity claim against Fisher, the Mississippi Tort Claims Act, "the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit,"[5] expressly provides that "[a]n employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable …." Miss. Code Ann. § 11–46–7(2). Consistent with this provision, a police officer in his official capacity is a proper party when the plaintiff seeks to recover against a city. *See Wilson v. City of Biloxi*, No. 1:11-cv-126, 2013 WL 2244309, at *9 (S.D. Miss. May 21, 2013) ("[T]he remaining state law claims are against Officer Windland in his

---

[5] *Stewart ex rel. Womack v. City of Jackson*, 804 So. 2d 1041, 1046 (Miss. 2002).

4

official capacity and the City of Biloxi. These fall within the purview of the MTCA."). Therefore, the Court rejects the defendants' argument that Fisher may not be sued in his official capacity.

With regard to the merits of the state law claims, the state of Mississippi and its political subdivisions (including officers in their official capacities) are immune from liability for "any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract …." Miss. Code Ann. § 11-46-3. However, the MTCA waives this immunity as to any "claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment …." Miss. Code Ann. § 11-46-5(1). An employee does not act within the course of scope of his employment if the conduct "constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-5(2).

The defendants argue that, to the extent the acts complained of (harassment, assault, and false arrest) are intentional torts which did not advance the interests of the City, they were not within the scope of employment and, therefore, fall outside the MTCA's waiver. *See* Doc. #6 at 8–10. However, this argument misses the thrust of Johnson's state law claims. Johnson's state law claims do not seek to recover for the intentional acts of Fisher or the other officers. Rather, they seek to recover for the allegedly negligent omissions of certain unnamed persons for failing to prevent the harms at issue. *See* Doc. #14 at 4–6.

The "breach of duty" claim alleges a violation of the "duty to keep Plaintiff Kenneth Johnson, a resident of the City of Indianola, Mississippi safe from harassment, the fear of immediate bodily harm, and the immediate and real threat of death." *Id.* at ¶ 23. The "negligence" claim alleges "Defendants breached the duty of care when they failed to properly supervise, and improperly and negligently hired Defendant, Darnell Fisher." *Id.* at ¶ 26. While these claims

5

(which seem to seek recovery for the same conduct) may fail for lack of specificity, they relate to the hiring and supervision of employees and thus do not implicate acts outside the course and scope of employment of government officials. *See Hughes v. City of Southaven*, No. 3:18-cv-44, 2019 WL 2503959, at *4 (N.D. Miss. June 17, 2019) (claims for "negligent hiring and supervision" within scope of MTCA). Accordingly, the first motion to dismiss will be denied.[6]

## V
## Second Motion to Dismiss

The second motion to dismiss seeks dismissal of the official capacity claims brought against Fisher as duplicative of the claims against the City. Doc. #18 at 1; Doc. #19 at 1. As a general rule, § 1983 claims against an officer in his official capacity are duplicative with the claims against the relevant entity and, therefore, are properly dismissed. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."). However, because the MTCA expressly contemplates that state law official capacity claims be brought alongside claims against the relevant entity, such claims are not subject to dismissal as duplicative. *Ellis v. Lowndes Cty.*, No. 1:16-cv-177, 2017 WL 6045440, at *13 (N.D. Miss. Dec. 6, 2017). Accordingly, the second motion to dismiss will be granted to the extent it seeks dismissal of the § 1983 official capacity claims, and will be denied to the extent it seeks dismissal of the state law official capacity claims.

---

[6] The memorandum supporting the motion to dismiss seeks an array of alternative relief if the motion to dismiss is denied. *See* Doc. #6 at 10–11. The alternative relief sought, which was not identified in the motion itself, essentially seeks proceedings in compliance with the MTCA and an order directing the plaintiff to file a second amended complaint. *Id*. To the extent this Court is bound to follow the law, and Johnson has already filed a second amended complaint, such relief is moot.

# VI
## Conclusion

The first motion to dismiss [5] is **DENIED**.

The second motion to dismiss [18] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks dismissal of the § 1983 claims asserted against Fisher in his official capacity. The motion is DENIED in all other respects.

**SO ORDERED**, this 9th day of August, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**