**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KENNITH JOHNSON**                                                          **PLAINTIFF**

**V.**                                                                               **NO. 4:19-CV-19-DMB-RP**

**CITY OF INDIANOLA, MISSISSIPPI, et al.**                                                  **DEFENDANTS**

**ORDER**

On February 18, 2019, Kennith Johnson, with leave of the Court,[1] filed a second amended complaint against the City of Indianola and Darnell Fisher, in both his official and individual capacities. Doc. #14. The second amended complaint alleges claims for "breach of duty," "negligence" and "42 USC 1983." *Id.* at 4–5. On August 27, 2019, the Court directed the parties "to file simultaneous briefs addressing the question of whether this Court has subject matter jurisdiction over the negligence claims asserted against the City." Doc. #51. The parties filed their briefs on September 10, 2019. Docs. #53, #54.

**I
Analysis**

"In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Ordinarily, "there are only two circumstances in which an individual may sue a State: (1) Congressional abrogation of state sovereign immunity consistent with the Enforcement Clause of the Fourteenth Amendment; or (2) State waiver of immunity."[2] *Bay Point Props., Inc. v. Miss.*

---

[1] Doc. #13.

[2] A third exception established in *Ex parte Young*, 209 U.S. 123 (1908), allows a plaintiff to bring "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). The exception does not apply where, as here, a claim is asserted against an entity rather than an individual. See *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 n.2 (5th Cir. 2016) ("Chhim did not sue

*Transp. Comm'n*, 937 F.3d 454, 456 (5th Cir. 2019) (internal quotation marks omitted). When such exceptions are inapplicable to a cause of action, a court lacks subject matter jurisdiction over that claim. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019).

"[T]he Eleventh Amendment does not extend its immunity to units of local government." *Sissom v. Univ. of Tex. High Sch.*, 927 F.3d 343, 347 (5th Cir. 2019) (citation omitted). Accordingly, "cities and counties do not enjoy Eleventh Amendment immunity." *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 47 (1994).[3] Nevertheless, states remain free to grant sovereign immunity pursuant to statute. *See Stem v. Gomez*, 813 F.3d 205, 214 (5th Cir. 2016) ("Under Texas law, sovereign immunity protects the state, its political subdivisions, and cities from lawsuits for money damages or other retroactive relief by depriving a court of subject matter jurisdiction."). Pursuant to this power, the State of Mississippi has granted immunity to its political subdivisions, including municipalities. Miss. Code Ann. § 11-46-3(1). This immunity is waived, under limited circumstances, by the Mississippi Tort Claims Act. Miss. Code Ann. § 11-46-5(1).

In its brief, the City argues that Johnson's negligence claims fall outside the scope of the Mississippi Tort Claims Act and that "the authorization of the Mississippi legislature [for suit] is a jurisdictional precedent …." Doc. #54 at 8. This Court disagrees.

While the Fifth Circuit does not appear to have considered whether state law sovereign immunity is a jurisdictional defense, it has held that "[t]he laws of a state cannot enlarge or restrict the jurisdiction of the federal courts." *Weems v. McCloud*, 619 F.2d 1081, 1087 (5th Cir. 1980)

---

individual state official defendants in their official capacities in this suit; therefore, the *Ex parte Young* exception does not apply to defeat Texas's sovereign immunity from suit.").

[3] *See also Dukes v. City of Lumberton*, No. 2:17-cv-150, 2018 WL 1612199, at *3 (S.D. Miss. Apr. 3, 2018) (Eleventh Amendment did not protect city); *Taylor v. City of Jackson*, No. 3:07-cv-76, 2007 WL 2122470, at *3 (S.D. Miss. July 20, 2007) ("Instead, the lawsuit was filed against the City of Jackson, Mississippi, which is not granted any protection under the Eleventh Amendment.").

(citation omitted). It stands to reason, therefore, that a state sovereign immunity defense does not deprive a federal court of jurisdiction. *See Rodriguez v. Cook Cty.,* 664 F.3d 627, 632 (7th Cir. 2011) ("[I]f Illinois had purported to insist that all civil litigation against prosecutors occur in state courts, that could not curtail federal jurisdiction."). Accordingly, the Court concludes that the City's arguments, which are premised on state law, do not deprive this Court of jurisdiction over the negligence claims asserted against the City.

## II
## Conclusion

For the reasons above, the Court declines to dismiss on jurisdictional grounds Johnson's negligence claims brought against the City.

**SO ORDERED**, this 3rd day of January, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**