IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNITH JOHNSON**                                                                                     **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO.: 4:19-CV-19-DMB-RP**

**CITY OF INDIANOLA, MISSISSIPPI and**
**OFFICER DARNELL FISHER IN HIS**
**OFFICIAL AND PERSONAL CAPACITY**                               **DEFENDANTS**

## ORDER

On July 21, 2020, Defendant City of Indianola, Mississippi, filed a motion to strike the following exhibits and witnesses from the parties' Pretrial Order:

    P-1    Medical Records of Kenneth Johnson
    P-2    Affidavit of Richard Hunger
    P-3    Affidavit of Daryl Dean
    P-4    Affidavit of Shirley Whitaker
    P-5    Statement of Minnette Isareal
    P-6    Statement of Robert Brinch
            Dr. Alyssa Simmons
            Dr. Maxie Gordon
            Dr. Charles Small
            Dr. Virginia Pantin

Docket 94. Defendant Darnell Fisher joined in the motion. Docket 96. Defendants City of Indianola, Mississippi and Fisher (collectively "Defendants") argue that the medical records, affidavits and unsworn statements Plaintiff seeks to introduce as exhibits were all produced after the expiration of the discovery deadline in this case and, therefore, should be excluded from the Pretrial Order. Docket 95. Regarding the medical providers Plaintiff seeks to include as witnesses in the Pretrial Order, Defendants argue that Drs. Simmons, Gordon, Small, and Pantin were only identified in the medical records that were untimely produced and should be stricken from the Pretrial Order. *Id*.

Federal Rule of Civil Procedure 26 governs parties' obligations to disclose and supplement all documents used to support claims and defenses as well as all discovery requests as new information is learned. Rule 26(a)(1)(A) requires that a party must, without awaiting a discovery request, provide to the other parties:

> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses, unless the use would be solely for impeachment….

These disclosures must be made within 14 days after the parties' Rule 26(f) conference pursuant to Fed.R.Civ.P. 26(a)(1)(C) and the party must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" as required by Fed.R.Civ.P. 26(e). *See also* L.U.Civ.R. 26(a)(5).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). In evaluating whether a violation of Rule 26 is harmless, the court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure

requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009), citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007).

As noted in Plaintiff's response, Local Uniform Civil Rule 26(a)(3) imposes an affirmative duty on the objecting party to "move to compel disclosure and for appropriate sanctions" if a party fails to make a required disclosure. Rule 26(a)(3) provides that "the failure to take immediate action and seek court intervention when a known fact disclosure violation other than as to expert witnesses occurs will be considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed under Fed.R.Civ.P. 37(c). L.U.Civ.R. 26(a)(3).

Plaintiff filed a joint response to Defendants' motion in limine and motion to strike. Docket 98. The court will consider Plaintiff's response as it pertains to Defendants' motion to strike certain exhibits and witnesses from the Pretrial Order.

### I. Plaintiff's Medical Records

Plaintiff argues that his initial discovery responses disclosed his medical providers and that he referenced treatment from these providers in his deposition. Docket 98. Plaintiff states that after the deposition, he was asked to provide his medical records and explains that he was "not able to obtain his medical records until May 4, 2020 and May 8, 2020 because of the Covid-19 pandemic." *Id.* On May 8, 2020, Plaintiff filed his "Notice of Plaintiff's Supplement to Discovery, Medical Records of Kennith Johnson." Docket 84.

Plaintiff's deposition was originally noticed for August 16, 2019 and was re-noticed for January 24, 2020. Docket 40, 65. The discovery deadline expired on January 27, 2020 (Docket 62), and therefore, Plaintiff's May 8, 2020 supplement is untimely. Despite stating that his

"medical records are still active in that he is still being treated for his injuries," Plaintiff did not supplement his discovery responses for over three months after the discovery deadline expired nor did he seek an extension of the discovery deadline. While the Covid-19 pandemic has certainly delayed certain aspects of civil litigation, it does not explain Plaintiff's failure to seek an extension of the discovery deadline if in fact these records were unattainable from January 27, 2020 until May 8, 2020. For these reasons, the court finds that Plaintiff's failure to supplement his discovery responses was not substantially justified and Defendants' request to strike Exhibit P-1 from the Pretrial Order is **GRANTED**.

## II. Plaintiff's Treating Physicians

Plaintiff seeks to include Dr. Alyssa Simmons, Dr. Maxie Gordon, Dr. Charles Small, and Dr. Virginia Pantin as witnesses in the Pretrial Order. Defendants contend that Plaintiff did not designate these physicians as experts and claims that they were only disclosed in the "unauthenticated medical records submitted more than three months after the completion of discovery in this case." Docket 95. In response, Plaintiff argues that these physicians "are not being called to testify regarding expert testimony" but instead will "testify only to their personal knowledge of their interactions with Plaintiff." Docket 98. According to Plaintiff, "these fact witnesses are employees of the facilities disclosed by Mr. Johnson before discovery ended via interrogatories and in sworn deposition testimony." *Id*.

It is difficult to imagine how these witnesses would testify about their interactions with the plaintiff in their capacities as physicians without offering testimony regarding their observations, diagnoses and/or treatment of Plaintiff that would be considered opinion testimony based on their medical expertise. Witnesses offering such testimony must be designated as expert witnesses. L.U.CIV.R. 26(a)(2)(D). In any event, Plaintiff fails to explain why his

discovery responses were not supplemented with these treating physicians prior to the expiration of the discovery deadline. While Plaintiff claims that he disclosed the medical facilities at which these physicians are employed, the discovery request to which this information was provided requests the identity of the provider seen as well as the "date of the visit, the reason for the visit, and any treatment or care or diagnosis that was made." Docket 98. None of this additional information was provided, and as such, Plaintiff's discovery response is incomplete.

To the extent that Plaintiff identified these treating physicians in "sworn deposition testimony," no proof of such disclosure has been provided to the court. Even if Plaintiff did identify these treating physicians in his deposition testimony, Plaintiff failed to timely provide "a summary of the facts and opinions to which the[se] witness[es are] expected to testify" or supplement his discovery responses with the medical records on which their testimony is allegedly based. Fed. R. Civ. P. 26(a)(2)(C)(ii). Accordingly, Defendants' request to strike Dr. Alyssa Simmons, Dr. Maxie Gordon, Dr. Charles Small, and Dr. Virginia Pantin as witnesses from the Pretrial Order is **GRANTED.**

### III. Affidavits and Statements

Defendants seek to strike "unsworn 'statements' and affidavits which are clearly hearsay and were likewise produced long after the discovery deadline had passed in this case." Docket 95. Without deciding whether these statements and affidavits constitute hearsay, the court finds that Plaintiff submitted the affidavits of Richard Hunger, Daryl Dean, and Shirley Walker in his response to Defendants' motion to dismiss that was filed on February 7, 2019. Docket 11-1. Defendants made no objection to these affidavits and may not now argue that they are surprised or unfairly prejudiced by their inclusion in the Pretrial Order. Any failure by Plaintiff to formally

supplement his initial disclosures with these affidavits was harmless, and Defendants' request to strike these affidavits is **DENIED**.

Plaintiff's response does not address the statements of Minnette Isareal and Robert Brinch; therefore, the court cannot evaluate his explanation for his failure to disclose and cannot determine whether the failure was substantially justified or harmless. Defendants' request to strike exhibits P-5 and P-6 from the Pretrial Order is **GRANTED.**

Exhibits P-1, P-5, and P-6 and Dr. Alyssa Simmons, Dr. Maxie Gordon, Dr. Charles Small, and Dr. Virginia Pantin will be stricken from the Pretrial Order. Exhibits P-2, P-3, and P-4 will remain, subject to Defendants' objections to the admissibility of those exhibits under the rules of evidence.

**SO ORDERED**, this the 29th day of July, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE