## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**KENNITH JOHNSON**                                                                                     **PLAINTIFF**

**V.**                                                 **NO. 4:19-CV-19-DMB-RP**

**CITY OF INDIANOLA, MISSISSIPPI;**
**and OFFICER DARNELL FISHER in**
**his official and personal capacity**                                           **DEFENDANTS**

### ORDER

On October 9, 2019, this Court entered an order directing that "all dispositive motions … must be filed by February 17, 2020." Doc. #62 at 1–2. On February 18, 2020, the City of Indianola filed a motion for summary judgment. Doc. #71. Two days later, Darnell Fisher filed a "Joinder in Motion for Summary Judgment and Accompanying Memorandum." Doc. #73.

On April 22, 2020, approximately seven weeks after his deadline to respond, Kennith Johnson filed a motion to extend the response deadline. Doc. #75. The Court denied the motion for extension on April 24, 2020. Doc. #79. Notwithstanding the order denying the extension, Johnson filed a response on April 29, 2020. Doc. #80. On May 3, 2020, the City, joined by Fisher, moved to strike the response as untimely. Docs. #81, #83. On June 10, 2020, Johnson filed an untimely response in opposition to the motion to strike. Doc. #85.

Dispositive motions filed after the dispositive motions deadline may be denied as untimely. *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 293 (5th Cir. 2020). This is true even if the motion is just one day late. *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) ("The district court did not abuse its discretion when it initially struck Defendants' motion for summary judgment as untimely. Defendants' motion for summary judgment was one day late."). Here, the

City's motion for summary judgment was filed one day after the dispositive motions deadline.[1] Fisher's joinder was filed three days after the deadline. Neither defendant sought an extension of the dispositive motions deadline or leave to file the motions after the deadline. Because both the motion for summary judgment and the joinder to it were filed after the dispositive motions deadline, the motions [71][72] are **DENIED** as untimely.[2] Accordingly, the motion to strike [81] is **DENIED as moot**.[3]

**SO ORDERED**, this 18th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court acknowledges that February 17, 2020, was a holiday. However, where, as here, a court sets a specific deadline, the deadline applies even when it falls on a holiday. *See Miller v. City of Ithaca*, No. 3:10-cv-597, 2012 WL 1582949, at *1 (N.D.N.Y. May 4, 2012) ("Because, however, the Court set a specific, stated deadline, Rule 6(a) is inapplicable and papers were required to be filed on or before March 31, 2012 regardless of whether March 31 was a weekend or a holiday."); 4B Fed. Prac. & Proc. Civ. § 1162 (4th ed.) ("Prior to 2009, Rule 6 did not explicitly address whether the provision regarding Saturdays, Sundays, and legal holidays applied to deadlines that are set as a specified date …. The 2009 amendments made clear that Rule 6(a)'s time-computation provisions do not apply to fixed-date deadlines."). While the court has discretion to consider the motion timely because it was filed the day after the holiday, *see Scanlon v. Greenberg Traurig, LLP*, 778 F. Supp. 2d 56, 59 (D.D.C. 2011), the Court, in light of the defendants' invocation of the filing deadlines to strike Johnson's response, declines to exercise its discretion to do so here.

[2] This procedural ruling is not intended to suggest that the motion for summary judgment is without merit. Indeed, the evidentiary record before the Court suggests that summary judgment would likely be appropriate as to at least Johnson's municipal liability claims. In the interest of judicial efficiency, the Court may be inclined to consider a motion to extend the dispositive motions deadline.

[3] If not moot, the motion to strike would have likely been granted given the untimely, skeletal, and conclusory nature of Johnson's response. *See* Doc. #85.