**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KENNITH JOHNSON**                                                  **PLAINTIFF**

**V.**                                 **NO. 4:19-CV-19-DMB-RP**

**CITY OF INDIANOLA, MISSISSIPPI;
and OFFICER DARNELL FISHER in
his official and personal capacity**                               **DEFENDANTS**

**ORDER**

Before the Court is the defendants' "Motion to File Out of Time Motion or, Alternatively, to Amend the Dispositive Motion Deadline." Doc. #106.

**I
Procedural History**

On October 9, 2019, this Court entered an order directing that "all dispositive motions … must be filed by February 17, 2020," which was a federal holiday. Doc. #62 at 1–2. On February 18, 2020, the City of Indianola filed a motion for summary judgment. Doc. #71. Darnell Fisher filed a joinder to the motion for summary judgment on February 20, 2020. Doc. #73. On September 18, 2020, this Court denied the City's motion for summary judgment as untimely because "where, as here, a court sets a specific deadline, the deadline applies even when it falls on a holiday." Doc. #104 at 2 n.1.[1] Five days later, the City filed a motion to file its motion for summary judgment out of time or, in the alternative, to amend the dispositive motion deadline. Doc. #106. The motion, which was joined by Darnell Fisher,[2] is fully briefed. Docs. #109,[3] #111.

---

[1] An amended order which corrected a typographical error was entered on September 21, 2020. Doc. #105.

[2] Doc. #108.

[3] Johnson's response and supporting memorandum include a request to extend the discovery deadline. Doc. #109 at 2; Doc. #110 at PageID #768. Because "[a] response to a motion may not include a counter-motion in the same document," L.U. Civ. R. 7(b)(3)(C), the Court declines to consider this request.

## II
## Analysis

The defendants seek an extension of the dispositive motion deadline under Federal Rule of Civil Procedure 6 or, in the alternative, under Rule 16.

### A. The Appropriate Standard

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend a deadline after the time to act has expired when the movant has shown good cause for the extension and excusable neglect for missing the deadline. Additionally, under Rule 16(b)(4), a court may modify a deadline in a scheduling order for good cause.

"[W]hether Rule 6's 'excusable neglect' standard or Rule 16's 'good cause' standard applies when a party files a motion after the scheduling order deadline—and which standard requires a higher showing—is a source of ambiguity." *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) (collecting cases). Some courts have held that because dispositive motion deadlines are set by the case management order, "[t]he good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1)." *Neighbors Law Firm, P.C. v. Highland Cap. Mgmt., L.P.*, No. 5:09-CV-352, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) (collecting cases); *see Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000) ("Because the rule which authorized the scheduling order contains a specific provision governing the relief sought here, it is that rule which governs the motion of the IRS rather than Rule 6(b)."). Other courts have focused on the expiration of the relevant deadline to support an application of Rule 6(b). *See Weil v. Carecore Nat'l*, No. 10-cv-799, 2011 WL 1938196, at *2 (D. Colo. May 19, 2011) (collecting cases). Still other courts, apparently out of an abundance of caution, have applied both standards. *Begley Co.*,

323 F.R.D. at 241–42. While each position is reasonable, the Court believes adherence to Rule 16 provides the proper course.

When interpreting the Federal Rules of Civil Procedure, a court may utilize traditional rules of statutory interpretation. *See Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993) (applying *expressio unius est exclusio alterius* canon to Rule 9(b)); *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 506 (E.D. Va. 2006) ("[T]he Federal Rules of Civil Procedure have the force and effect of law, and the Supreme Court has made clear that district courts are bound by the canons of statutory construction in interpreting them."). And it is a fundamental rule of statutory interpretation that "where there is no *clear* intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." *State v. Yselta Del Sur Pueblo*, 955 F.3d 408, 413 n.31 (5th Cir. 2020) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

Rule 16 governs the entry of scheduling orders and requires that a scheduling order "must limit the time to … file motions." Fed. R. Civ. P. 16(b)(3)(A). Consistent with this dictate, case management orders in this district establish a dispositive motion deadline. *See, e.g.*, Doc. #25 at PageID #193. It follows that an order which allows a party to file a dispositive motion beyond the deadline set in the case management order necessarily extends the dispositive motion deadline. *See Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) ("Woods never requested leave to amend the scheduling order deadlines for dispositive motions. Even if we were to construe his Rule 12(c) motion as one requesting leave to amend the scheduling order, Woods fails to give any reason how he meets Rule 16's fairly stringent 'good cause' standard …."); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) ("The district court correctly analyzed the late motion [for summary judgment] as a request to modify the scheduling order."); *see generally S&W*

*Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (Rule 16's good cause standard applies "when leave to amend [a complaint] would require modification of the scheduling order"). The propriety of such an order thus is controlled by Rule 16's more specific standard, not Rule 6's general one.

### B. Whether an Extension is Warranted

Having concluded that Rule 16 provides the appropriate framework for evaluating the motion for extension, the question becomes whether the defendants can establish good cause, as that term is used in Rule 16. The existence of good cause under Rule 16 is evaluated under four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations omitted).

*1. Factor One: Explanation for failure to timely comply with scheduling order*

Under the first factor, a court asks whether the party seeking a modification has "offered a reasonable explanation for their delay[]." *Kirkland v. Marriott Int'l, Inc.*, 416 F. Supp. 2d 480, 482 (E.D. La. 2006); *see Doe v. Harris Cnty.*, No. 16-2133, 2020 WL 2544754, at *2 (S.D. Tex. May 19, 2020). The defendants argue the first factor weighs in favor of good cause because they were unaware the Court-set deadline applied even though it fell on a holiday and they sought an extension within days of this Court's order denying their motion for summary judgment as untimely. Doc. #107 at 6. Johnson argues that the failure could not have been in "good faith" because "it is common knowledge amongst attorneys … that the filing system is always available" and counsel for the City did not "confer[] with Plaintiff" before seeking leave to file out of time. Doc. #110 at PageID ##767–68.

4

Ordinarily, "[a] party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all." *MASS Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008). However, the Court does not believe that the untimely filing in this case may be characterized as "mere inadvertence," at least with respect to the City.

As this Court explained in its order denying the motion for summary judgment as untimely, a court has "discretion to consider [a] motion timely [if] it was filed the day after [a] holiday." Doc. #104 at 2 n.1. Indeed, courts in this circuit have deemed such filings timely. *See, e.g., Bell v. Lane*, No. 12-529, 2014 WL 4657662, at *3 (M.D. La. Sept. 16, 2014). While it would have been better practice for the City to file its motion on or before the specified deadline, the Court finds that, given the state of the law regarding holiday deadlines, it was reasonable to wait until the next day. The City's failure to "confer" with Johnson's counsel before filing the motion for extension has no bearing on the reasonableness of its failure to comply with the scheduling order. The first factor, therefore, weighs in favor of good cause as to the City.

However, Fisher did not file his joinder to the City's motion until *three days* after expiration of the Court ordered deadline, which applies to joinders. *See Tarlton v. Exxon*, 688 F.2d 973, 977 n.4 (5th Cir. 1982) ("A party may not belatedly join another litigant's motion ...."). No explanation for this delay has been offered. Accordingly, the first factor weighs against Fisher.

### 2. Factor Two: Importance of modification

"Rule 56 exits to avoid trials where there are no genuine issues of material fact. If [a party] is entitled to summary judgment, refusal to modify the case-management deadlines would result in an unnecessary jury trial at considerable expense to all involved." *Weikel v. Jackson Pub. Sch. Dist.*, No. 3:18-CV-408, 2020 WL 1318798, at *2 (S.D. Miss. Mar. 20, 2020). Thus, extension of a dispositive motion deadline to allow for the filing of a motion for summary judgment is

important.  *Id.*; *Lafontaine v. Tween Brands, Inc.*, No. 4:16-CV-335, 2017 WL 2620325, at *4 (E.D. Tex. June 16, 2017) ("It is also important to Tween because if the Court were to hear Tween's motion and agree with the arguments made, the Court would grant summary judgment in its favor.").  Therefore, the second factor weighs in favor of a finding of good cause.

### 3.  *Factor Three:  Potential prejudice in allowing modification*

The City represents that "[n]o party would be prejudiced in allowing the deadline amendment [because a]ll summary judgment materials have been submitted to this Court for consideration."  Doc. #107 at 7.  Johnson responds that "Defendants would not be prejudiced if required to present the proposed issues and evidence at trial rather than in an untimely motion for summary judgment."  Doc. #110 at PageID #768.

Because the third factor focuses on the potential prejudice *in allowing the modification*, not the prejudice in *denying it*, Johnson's argument regarding the lack of prejudice to the defendants is irrelevant.  And to the extent the City apparently intends to file an identical motion for summary judgment, and thus would advance no new arguments, the Court foresees no potential prejudice in allowing the amendment subject to this condition.  *See Weikel*, 2020 WL 1318798, at *2 (no prejudice when the tardy motion would be "identical in all relevant respects to that previously filed").  Under these circumstances, the Court concludes that the third factor weighs in favor of good cause.

### 4.  *Factor Four:  Availability of continuance*

Having concluded there is no potential prejudice in allowing the amendment, there is no reason to address factor four.  However, to the extent a continuance is indisputably available in this case, the fourth factor would also weigh in favor of good cause.

*5. Summary*

In sum, all four factors weigh in favor of extending the dispositive motion deadline as to the City. Three of the four factors weigh in favor of extending the deadline for Fisher. Under these circumstances, the Court concludes good cause exists to extend the deadline as to both defendants.

### III
### Conclusion

The City's motion to extend the dispositive motion deadline [106], as joined by Fisher [108], is **GRANTED**. The dispositive motion deadline is EXTENDED through and until November 2, 2020, to allow the defendants to re-file the same motion for summary judgment and joinder which were denied as untimely. If the same motion for summary judgment is filed, any response to the motion, and any reply in support, must also be the same response and reply previously filed.

**SO ORDERED**, this 29th day of October, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**